Mario Pittoni, J.
The defendant moves for an order dismissing the complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that the claims or demands set forth in the complaint have been released by a general release dated January 20, 1959, executed by E. T. Trotter & Co., the sole owner of the plaintiff corporation herein.
The plaintiff seeks to enjoin the defendant, a former employee, from manufacturing, for his own benefit, a plasticizer through the use of the formulae and secret processes, from selling the plasticizer to a customer of the plaintiff’s who has in the meantime ceased to buy from the plaintiff, from disclosing trade secrets to others, and to make the defendant account for profits gained through illegal use of the plaintiff’s trade secrets.
AH the stock of the plaintiff was purchased by E. T. Trotter & Co. who made an employment contract with the defendant to assure that he would continue to render service to the plaintiff. This contract has a restrictive covenant under which the defendant agreed not to enter a competitive business for one year after the termination of the contract; and that he would not, during the term of the agreement, divulge the trade secrets of the company. However, the defendant left the employ of the plaintiff during the term of the contract and E. T. Trotter & Co. executed a general release to the defendant which contained the clause, “ The intent of this release is to treat as a nullity the contract *833 of employment ”. The defendant executed a similar release to E. T. Trotter & Co.
The purpose of the general releases in the light of the typed-in language added to the printed form is clear (Tripp, Motion Practice, § 86, p. 252 and Simon v. Simon, 274 App. Div. 447); and both parties agree that the purpose of the release was to make the written contract a nullity as if it had never been made. The defendant’s legal conclusion, however, that this defeats the action is not sound. As to any duties imposed on the defendant by the written contract which had not previously existed, e.g., his obligation not to compete for one year after termination, the defendant is, of course, absolved by the releases. The complaint, however, does not seek to enjoin him from competing, but merely to enjoin him from using trade secrets.
Long before the written contract, by virtue of his employment with the plaintiff, the law imposed an obligation on the defendant, even in the absence of any special agreement, to refrain from using trade secrets gained as a result of his employment for his own benefit or from disclosing them to a third party. (Kaumagraph Co. v. Stampagraph Co., 235 N. Y. 1; Byrne v. Barrett, 268 N. Y. 199.) The restrictive covenant in the written contract did not create this duty, but merely recognized in a limited way a duty already existing by law. Therefore, the nullification of the written agreement by the release did not destroy the duty which was independent of the contract.
Even if it be claimed that by the language in the written contract — “ the employee covenants and agrees that he will not during the term of this agreement divulge to anyone the trade secrets or secret processes of manufacture used or employed by the company in its business ” — the parties intended to reduce or limit the broader duty imposed by law, the nullification of the contract by the releases would necessarily eradicate such a limiting agreement, as well as the other terms of the written contract. It would leave intact the duty imposed by law on the employee not to use trade secrets gained during his employment for his own benefit. .
Since the complaint is not in any way based on the obligations of the defendant arising out of the written contract, the releases nullifying the written contract do not defeat the plaintiff’s cause of action.
Motion denied.